O’NIELL, Chief Justice.
 

 In 1933, a suburban lot having a front of 100 feet on Central Avenue by the depth of 270% feet, in a subdivision called Suburban Acres, in the Parish of Jefferson, and near’New Orleans, was adjudicated to the State of Louisiana for unpaid taxes for the year 1932. The property was assessed in the name of George Guillemet, who has
 
 *688
 
 taken no action to redeem it, nor part in this litigation.
 

 On November 30, 1945, application was made by one Bob Codifer to have the lot offered for sale by the Register of the State Land Office, in accordance with the provisions of Act No. 237 of 1924, as amended by Act No. 296 of 1944. The Register of the State Land Office, acting also pursuant to the provisions of Act 237 of 1924, as amended, fixed the minimum price for which the land could be bought at the public sale at $500, which was the assessed value of the land when it was adjudicated to the State in 1933. The Register of the State Land Office ordered the land advertised to be sold at public auction on January 12, 1946.
 

 After the advertisement had been published on December 7, 14, 21, and 28, 1945, Mrs. Alva W. Albeanese, the relator here, applied on December 31, 1945, to the Register of the State Land Office to make a homestead entry on the lot under the provisions of Act No. 235 of 1938. The application for homestead entry was refused by the Register of the State Land Office on the two following grounds:
 

 1. The property did not qualify by nature and characteristics for entry under the Homestead Act, and
 

 2. By acting upon the application of Bob Codifer, accepting his $50 deposit, and advertising the land for sale prior to Mrs. Albeanese’s application for homestead entry, the Register of the State Land Office had taken action which amounted to a “contract with reference to the land,” as those words are used in Act No. 235 of 1938, and was therefore unable to grant Mrs. Albeanese’s application.
 

 Mrs. Albeanese then filed this suit, praying for a temporary restraining order, to be followed by an injunction prohibiting the respondent from selling the land, and praying also for a writ of mandamus to compel the respondent to permit the relator to make entry upon the land as a homesteader. After a trial on the merits the judge of the district court rejected the relator’s demand. She is appealing from the judgment.
 

 In State ex rel. City of New Orleans v. Grace, Register of State Land Office, 1945, 209 La. 669, 25 So.2d 301, 302, we had occasion to consider the application of the homestead statute, Act No. 235 of 1938, to a small area of land. In that case we decided that some eight lots of land, having altogether an area between one and two acres and situated in a commercial section of the city of New Orleans, were not susceptible of the substantial cultivation required by the homestead statute in order to obtain a patent. In our opinion in that case, we quoted pertinent sections of Act No. 235 of 1938, and then stated: “From the above quoted provisions, particularly by the use of the language ‘actual settlers,’ ‘actual settlement and cultivation,’ ‘has resided upon and cultivated said land,’ it seems clear that the Legislature intended
 
 *690
 
 the statute to apply only to lands susceptible of substantial cultivation and on which there would be erected and occupied by the homesteader a suitable dwelling. As we interpret it, in other words, the statute contemplates the applicant’s using the property by establishing thereon a home for himself and his family and also by his serious cultivation of it.”
 

 We are of the opinion in the case before us now that although the facts are somewhat different from those in the case cited, the rule of that case is broad enough to cover the land involved here.
 

 The land is described in the relator’s petition by lot, square and subdivision numbers in a subdivision called “Suburban Acres”, in Jefferson Parish, and fronts on the street called Central Avenue. The price fixed for the sale of the land indicates that although it does not lie within the limits of any incorporated municipality, town or village, its value lies more in its residential or commercial potentialities than in its agricultural potentiality. We also take notice of the fact that the land is not far from the city of New Orleans.
 

 Considering the above factors, and particularly that the area of the land is only about three-fifths of an acre, we conclude that the land is not within the contemplation of the statute, which requires that the homesteader must intend to make an “actual settlement and cultivation”.
 

 Having come to this conclusion, we find it unnecessary to consider the second ground advanced by respondent for denying the application of Mrs. Albeanese.
 

 The judgment appealed from is affirmed.